

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

June 17, 1948

Hon. Ralph Elliott
County Attorney
Grayson County
Sherman, Texas

Attn.: Hon. Murray H. Nance, Jr.

Opinion No. V-607

Re: The authority of
the Commissioners'
Court to pay the
travel expenses of
the County Tax
Assessor-Collector.

Dear Sir:

Your request for an opinion is substantially as follows:

"Mr. W. O. Williams, the County Auditor of Grayson County, Texas, has requested an opinion from this office as to whether or not the Commissioners Court can legally allow travel expenses for the Tax-Assessor Collector for travel incurred in connection with the duties of his office.

"This office has submitted an opinion advising under Art. 3899 Sec. a, the County Commissioners' Court may allow payment for expense for travel incurred in connection with the duties of the office of Tax-Assessor Collector. For your information, the Tax-Assessor Collector of Grayson County is presently paid on the salary, and not on the fee basis."

Article 7189, V. C. S., is as follows:

"Assessors of taxes shall, between the first day of January and the thirtieth day of April of each year, proceed to take a list of taxable property, real and personal, in his county and assess the value thereof in the manner following, to-wit: By calling upon the person, or by calling at the office, place of business

or the residence of the person, and
listing the property required by law
in his name, and requiring such person
to make a statement under said oath of
such property in the form hereinafter
prescribed."

Article 7255, V. C. S. is as follows:

"Each Tax Collector shall begin the
collection of taxes annually on the first
day of October, or so soon thereafter as
he may be able to obtain the proper as-
sessment rolls, books, or data upon which
to proceed with the business; and, when so
ordered by the Commissioners Court of his
county, he may post up notices - not less
than three (3) - at public places in each
voting or justice precinct in his county,
at least twenty (20) days previous to the
day said taxpayers are required to meet
him for the purpose of paying their taxes,
stating in said notice the times and places
the same are required to be paid; and said
Collector or his Deputy shall attend at
such times and places for the purposes
aforesaid, and shall remain at each place
at least two (2) days.  If the Collector
from any cause shall fail to meet the tax-
payers at the time and place specified in
the first notice he shall in like manner
give second notice."

Article 3899, Section (b), V. C. S., which
is applicable to a salary county provides, in part:

"(b) Each officer named in this Act,
where he receives a salary as compensa-
tion for his services, shall be entitled
and permitted to purchase or charge to
his county all reasonable expenses nec-
essary in the proper and legal conduct
of his office, . . ."

In Opinion No. O-995, dated November 17, 1939,
this office expressed the opinion that the Commissioners'
Court is authorized by Article 3899, Section (b) to al-
low a county Tax Assessor-Collector reasonable and nec-
essary expenses incurred by him when collecting taxes as

provided by Article 7255. In that opinion it was stated:

> "The question of that which constitutes reasonable and necessary expenses, manifestly, is a question of fact, and is to be determined by the Commissioner's Court itself. In this connection, we point out that the statutes are silent as to the rate per mile, as traveling expenses, allowable to a tax assessor-collector, while on official business."

In Opinion No. O-3670, dated July 3, 1941, Article 3899, Section (b), was again construed and it was there stated:

> "It is our opinion that the Commissioner's Court of Smith County would have authority to allow the county attorney reasonable necessary traveling expenses for attending justice courts of the county. The method of computation of such expenses allowed, if any, would be for the Commissioner's Court to determine in their sound discretion."

In view of the foregoing, you are advised that it is our opinion that the Commissioners' Court of Grayson County is authorized to allow reasonable and necessary traveling expenses to the County Tax Assessor-Collector when incurred by him in the performance of his official duties.

## SUMMARY

The Tax Assessor-Collector in a salary county is entitled to reasonable and necessary traveling expenses incurred by him while engaged in the performance of the official duties imposed upon him by Articles 7189 and 7255, V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Fagan Dickson*
FIRST ASSISTANT
ATTORNEY GENERAL
BW:mw

By *Burnell Waldrep*
Burnell Waldrep
Assistant